# United States Court of Appeals
## for the Fifth Circuit

———————————

No. 24-50363
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Antonio Hernandez,

*Defendant—Appellant*,

CONSOLIDATED WITH

———————————

No. 24-50380

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Hernandez,

*Defendant—Appellant*.

No. 24-50363
c/w No. 24-50380

_____

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 7:23-CR-210-1,
7:20-CR-309-1

_____

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges.*

PER CURIAM:[*]

Jose Antonio Hernandez argues that his statute of conviction, 18 U.S.C. § 922(g)(1), violates the Second Amendment on its face and as applied to him in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). In addition, he contends that § 922(g)(1) violates the Commerce Clause. He has abandoned, by failing to brief, any argument regarding the consolidated appeal from his supervised release revocation proceeding. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Hernandez correctly concedes that his facial Second Amendment challenge is foreclosed. *See United States v. Contreras*, 125 F.4th 725, 729 (5th Cir. 2025). Also, because Hernandez was serving a term of supervised release when he violated § 922(g)(1), the statute does not violate the Second Amendment as applied to him. *See United States v. Giglio*, 126 F.4th 1039, 1043-46 (5th Cir. 2025). Finally, as Hernandez correctly acknowledges, his Commerce Clause challenge is foreclosed. *See United States v. Diaz*, 116 F.4th 458, 462 (5th Cir. 2024).

AFFIRMED.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.